**SIERRA PACIFIC RESOURCES;**
Nevada Power Company,
Plaintiffs—Appellants,

v.

**EL PASO CORPORATION; El Paso Natural Gas Company; El Paso Merchant Energy L.P.; El Paso Merchant Energy Company; El Paso Tennessee Pipeline Company; El Paso Merchant Energy–Gas Company; Dynegy Marketing and Trade; Sempra Energy Trading; Sempra Energy; Southern California Gas Company; San Diego Gas & Electric Company, Defendants—Appellees.**

No. 05–15127.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed Sept. 21, 2007.

J. Russell Campbell, Esq., Ed R. Haden, Esq., Gregory C. Cook, Balch & Bingham LLP, Birmingham, AL, Jonathan H. Waller, Esq., Waller Law Group, Las Vegas, NV, for Plaintiffs–Appellants.

Stephen P. Freccero, Esq., Stuart C. Plunkett, Morrison & Foerster, LLP, San Francisco, CA, Nicholas Santoro, Santoro, Driggs, Walch Kearney, Johnson & Thompson, Paul R. Hejmanowski, Esq., Todd E. Kennedy, Esq., Lionel, Sawyer & Collins, Las Vegas, NV, Christopher B. Latham, Esq., Douglas R. Tribble, Pillsbury Winthrop Shaw Pittman LLP, Peter H. Benzian, Esq., Jennifer F. Ziegaus, Esq., Latham & Watkins, LLP, San Diego, CA, John M. Grenfell, Esq., Pillsbury Winthrop Shaw Pittman, LLP, Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, CA, William R. Urga, Esq., Jolley, Urga, Wirth & Woodbury, Jennifer Popick, Esq., Harrison Kemp & Jones, Chtd., Las Vegas, NV, Richard P. Levy, Esq., Robert P. Berry, Esq., Gibson Dunn & Crutcher, LLP, Walter Lack, Esq., Engstrom Lipscomb & Lack, Los Angeles, CA, Barbara Lyons, Esq., Cotchett Pitre Simon & McCarthy, Defendants–Appellees.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

MEMORANDUM *

1. **Filed Rate Doctrine**

The district court granted the defendants-appellees' ("the Gas Companies") motion to dismiss on the ground that the filed rate doctrine barred all of plaintiff Nevada Power's claims.[1] As we explained in *E. & J. Gallo Winery v. Encana Corp.*, 503 F.3d 1027 (9th Cir.2007), the Filed Rate Doctrine, as defined in that case, bars claims based on FERC-approved rates. FERC's jurisdiction to approve rates does not include retail sales of natural gas. 15 U.S.C. § 717(b). Nonetheless, the Filed Rate Doctrine bars claims based on retail transactions to the extent that those transactions are based on FERC-approved rates in upstream transactions. In addition, FERC lacks jurisdiction over first sales transactions, 15 U.S.C. § 3431(a)(1)(A), and the Filed Rate Doctrine does not bar claims based on such transactions. *Gallo,* 503 F.3d at ——. On a motion to dismiss, "[a]ll allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party." *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir.2004). Based on the record, it is reasonable to infer that at least some of the retail transactions between Nevada Power and the Gas Companies did not flow from FERC-approved upstream transactions and therefore claims based on these

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court also granted defendants-appellees' motion to dismiss with prejudice all claims of plaintiff Sierra Pacific Resources on the ground of lack of standing. Sierra Pacific did not appeal that ruling and that part of the order is untouched by this appeal.

transactions are not barred by the Filed Rate Doctrine. Indeed, plaintiffs-appellants allege that all their sales transactions were first sales and claims based on such transactions are not barred by the Filed Rate Doctrine. Therefore, the district court erred in granting defendants' motion to dismiss on the ground of the Filed Rate Doctrine.

### 2. Federal and State RICO

In an alternative holding, the district court dismissed the RICO claims from the Second Amended Complaint on the ground that Nevada Power had failed to plead an enterprise distinct from the alleged predicate acts of racketeering activity. Since the date of the district court's order, we have revisited our requirements for pleading an associated-in-fact enterprise under RICO, and have overruled the line of cases on which the district court order depended that required the pleading of an enterprise separate from the pattern of racketeering activity. *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir.2007) (en banc). Therefore, we reverse the district court's alternative holding.

### 3. Alternative arguments

Defendants-appellees request that we affirm on one of several alternative grounds deemed moot by the district court in light of its dismissal. We decline to do so because our judicial system "generally assumes that consideration of an issue at both the trial court and appellate court level is more likely to yield the correct result, because the issue will be more fully aired and analyzed by the parties, because more judges will consider it, and because trial judges often bring a perspective to an issue different from that of appellate

judges." *Ecological Rights Found. v. Pac. Lumber Co.,* 230 F.3d 1141, 1154 (9th Cir. 2000).

**REVERSED and REMANDED.**